## ROOT ET AL. *v.* HIBBEN ET AL.

PLEADING.—*Partial Answer to whole Complaint.*—*Promissory Note.*—*Common Count.*—*Partnership.*—*Harmless Ruling on Demurrer.*—In an action by

the payee, against a copartnership alleged to be composed of A. and others, as maker and debtor, on two promissory notes and an account, in separate paragraphs, A.'s codefendants separately and jointly answered under oath, to the whole complaint, alleging that such copartnership was composed solely of A. and a certain incorporated company, and that they, such codefendants, were not liable on the "note."

*Held*, on demurrer, that the answer, being pleaded to the whole complaint, though answering only part thereof, is insufficient.

*Held*, also, a verified general denial being in, that the facts alleged in the special answer were admissible in evidence under the general denial, and, therefore, that the sustaining of the demurrer was harmless.

From the Marion Superior Court.

*D. Turpie* and *H. D. Pierce*, for appellants.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler*, for appellees.

BIDDLE, J.—The complaint in this case avers that James P. Hibben, Franklin Landers, Robert F. Kennedy, Augustus E. Pattison, Willis S. Webb, and Coleman B. Pattison were partners doing business under the firm name and style of "Hibben, Kennedy & Co.;" that Deloss Root, William R. Nofsinger, James H. McKernan, William H. A. Dell, Paul D. Pratt and George H. Wilmer were partners doing business under the firm name and style of "George Wilmer & Co.;" that the latter firm executed two certain promissory notes, of different dates and amounts, to the former firm.

These two notes are declared upon separately in the first and second paragraphs of the complaint. There is a third paragraph in the complaint, in the usual form of a common count "for goods, wares and merchandise sold and delivered by plaintiffs to defendants, at their special instance and request," with a bill of particulars.

McKernan and Root jointly answered the complaint in three paragraphs which are sworn to. William H. A. Dell answered the complaint separately, in four paragraphs, sworn to. William R. Nofsinger answered the complaint separately, in three paragraphs, sworn to.

A demurrer, alleging as cause the insufficiency of the facts to constitute a defence, was sustained to the third paragraph of McKernan and Root's answer, and to the third paragraph of Dell's answer, and also to the third paragraph of Nofsinger's answer, and exceptions reserved to all the rulings.

Other answers were filed, which we need not state, as no question arises upon them. A jury trial was had, resulting in a verdict for the appellees.

A motion for a new trial was made, overruled, and exceptions taken, but no question is presented under this motion. Neither the instructions to the jury nor the evidence on the trial are in the record.

Judgment on the verdict; appeal to the court in general term; judgment therein affirmed; appeal to this court.

There seems to be some confusion in the record. We do not find it to be as either the appellants or appellees seem to understand it. The counsel for appellants, in their brief, state: "It will be noted that the case was originally commenced by complaint in two paragraphs, on the notes. These paragraphs had been answered, and, after they were answered, the third paragraph—the common count—was filed."

The record, as it is made up and comes to us, shows that the three paragraphs of complaint were filed at the same time, on the 31st day of December, 1873, before any of the answers were filed. The counsel for appellees treat the several third paragraphs of answer, stated as above, as filed to the third paragraph of complaint.

We can find nothing in the record showing that to be the case. Neither of the paragraphs of McKernan and Root's joint answer, nor of the separate answers of Dell and Nofsinger, is restricted to either one of the paragraphs, or any particular part of the complaint, but each one pur-

ports to answer the whole complaint.   The counsel for appellants state in their brief that the original papers in the case were lost, and that the present record was substituted by the agreement of the parties.   The apparent misunderstanding of the record by the counsel for appellants, and also by the counsel for the appellee, may have arisen from these circumstances.   But we can treat the record only as it comes before us.

The sole question presented by the parties in their arguments arises upon overruling the demurrer to the several third paragraphs of answer, pleaded by the several parties as above stated, which are the same, we believe, literally, except that in the joint answer the nouns and pronouns are used in the plural number, and in the separate answers in the singular number, and are in the following words (we copy the third paragraph of the joint answer of McKernan and Root) :

" And further answering they say, that on the 2d day of January, 1873, the Illinois Furnace Company, a corporation organized and subsisting under and by virtue of the statutes of Indiana, by its president, entered into a copartnership with one George Wilmer, by the style of George Wilmer & Co., for the purpose of carrying on a store for the sale of general merchandise at the grounds of the said Illinois Furnace Company, in the County of Hardin, State of Illinois, and for that purpose executed with said Wilmer articles of copartnership of that date, a copy of which is filed herewith as a part hereof, and marked 'Exhibit A;' that, by the terms of said article, said Illinois Furnace Company, as such corporation, became and was a partner, as one party, with said Wilmer, and continued as such until the ———— day of ————, ————, when such copartnership was dissolved ; that the note sued on was executed, if at all, by the said George Wilmer & Company, as such firm, and

the constituent members thereof above, viz., the said Illinois Furnace Company and George Wilmer, are responsible therefor, and not these defendants. Wherefore they say that they are improperly sued and ask to be discharged with their costs."

It will be seen upon the face of this paragraph of answer that it was pleaded to the whole complaint. If it can be held good as to any part of the complaint—a question which we do not decide—it certainly can not be held good to the whole complaint. It does not deny nor refer to the third paragraph of complaint, and does not confess and avoid any part of the complaint. It is an answer—if sufficient as an answer at all—to only one of the two notes sued on, and they are shown to be different notes in the first and second paragraphs of the complaint, but does not state which, and not an answer at all to the third paragraph of the complaint. Besides, it is at best but an argumentative denial. Several paragraphs of general denial were pleaded by the same parties, some sworn to and others not, under which all the evidence could have been given which could have been under this third paragraph. The error, therefore, in sustaining a demurrer to the third paragraphs of answers, if error it was, after trial, became harmless.

We do not cite authorities to show that an answer pleaded to the whole complaint must be good to the whole complaint, or it will not be good to any part, nor to show that a demurrer sustained to a sufficient answer, in a case where another answer will admit the same evidence under it, becomes a harmless error after trial. These principles of pleading are too firmly settled and too familiar to require authorities to support them.

As the record comes to us, the judgment must be affirmed, at the costs of the appellants.

Petition for a rehearing overruled.